# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 33

*October Term, A.D. 2014*

__February 27, 2015__

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

MATTHEW C. BRIMLEY, a member
of the Utah State Bar,

Respondent.

D-15-0002

## ORDER OF PUBLIC CENSURE

[¶1]     **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein February 12, 2015, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline).  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent, Matthew C. Brimley, should be publicly censured for his conduct.

[¶2]     Although Respondent has stipulated to the discipline and this Court adopts the Report and Recommendation, the Court finds that it should supplement the Report and Recommendation by discussing this Court's authority to impose discipline against an attorney who is not licensed in Wyoming.  The Court finds that such supplementation is desirable to clarify matters of considerable importance with regard to attorneys who engage in the unauthorized practice of law in Wyoming.  As noted in the Report and Recommendation, Respondent is licensed to practice law in Utah.  As also noted in the Report and Recommendation, Respondent engaged in the practice of law in Wyoming without authorization.

[¶3]   This Court finds that, pursuant to the Disciplinary Code and the Rules of Professional Conduct, Respondent's conduct was properly the subject of a disciplinary proceeding pursuant to the Disciplinary Code.  A number of provisions support such action.  First, Section 3(a) of the Disciplinary Code defines "attorney" in this fashion:

> "Attorney" means a person duly admitted to practice law in this state, a person admitted to practice law by a court of this state, or <u>a person admitted to practice law in any other jurisdiction who engages in the practice of law within this state</u>.  (Emphasis supplied.)

Second, Section 2(b) of the Disciplinary Code (Duty to Act Professionally; Grounds for Discipline) provides:

> Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Rules of Professional Conduct as adopted by this Court, shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of any attorney-client relationship.

Similarly, Section 3(p) of the Disciplinary Codes defines "misconduct" this way:

> "Misconduct" means any act or omission by an attorney, individually or in concert with any other person or persons, which violates the Rules of Professional Conduct or the Disciplinary Code for the Wyoming State Bar.

Turning to the Rules of Professional Conduct, Rule 5.5 of the Rules of Professional Conduct (Unauthorized Practice of Law) provides:

> (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

Also, Comment 1 to Rule 5.5 describes the scope of Rule 5.5(a):

> [1] A lawyer may practice law only in a jurisdiction in which the lawyer is authorized to practice.… Paragraph (a) applies to unauthorized practice of law by a lawyer, whether through the lawyer's direct action or by the lawyer assisting another person.

Following careful study of the foregoing provisions, this Court concludes the Disciplinary Code for the Wyoming State Bar gives this Court the authority to impose discipline against an attorney who is not licensed to practice in Wyoming.  In addition,

this Court agrees with the Board of Professional Responsibility that Respondent's conduct violated Rule 5.5 of the Rules of Professional Conduct.  It is, therefore,

[¶4]  **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶5]  **ADJUDGED AND ORDERED** that Matthew C. Brimley is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Public Censure; and it is further

[¶6]  **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Brimley shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00.  Mr. Brimley shall pay the total amount of $550.00 to the Wyoming State Bar on or before April 30, 2015; and it is further

[¶7]  **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶8]  **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9]  **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent, Matthew C. Brimley.

[¶10]  **DATED** this 27th day of February, 2015.

BY THE COURT:

/s/

**E. JAMES BURKE**
**Chief Justice**

BEFORE THE SUPREME COURT

STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

FEB 1 2 2015

CAROL THOMPSON, CLERK

by CHIEF DEPUTY

| *In the matter of* | ) | |
| *MATTHEW C. BRIMLEY,* | ) | |
| *a member of the Utah State Bar,* | ) | *WSB No. 2014-185* |
| | ) | |
| *Respondent.* | ) | |

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

## FINDINGS OF FACT

1. Respondent is an active member in good standing of the Utah State Bar, where he has been licensed to practice law since 1998. He maintains a law practice in Provo, Utah. He is not nor has he ever been licensed to practice in Wyoming.

2. On September 4, 2014, Respondent filed an entry of appearance and plea of not guilty on behalf of four defendants charged with motor vehicle violations in the Circuit Court for the Third Judicial District, Sweetwater County, Wyoming. Respondent filed simultaneous motions to continue on behalf of three of the defendants. Those motions were granted.

3. At the time he entered his appearance on behalf of the four defendants, Respondent had not attempted to be admitted *pro hac vice* in any of those cases.

4. One of the defendants was already represented by the Wyoming Public Defender's Office. Upon receipt of Respondent's entry of appearance, the public defender moved to

withdraw. That motion was granted by Circuit Court Judge Craig L. Jones on September 12, 2014.

5. On September 15, 2014, Respondent filed a "Notice of Withdrawal of Counsel" in all four cases. Respondent failed to submit proposed orders with the notices.

6. Thereafter, the four defendants, including the defendant who was represented by a public defender at the time Respondent entered his appearance, filed requests to continue their cases while they located other counsel.

7. On October 20, 2014, Bar Counsel received an "Unauthorized Practice of Law Report" from Judge Jones with respect to Respondent's conduct in the four cases. Bar Counsel wrote to Respondent, requesting Respondent's written response regarding a potential violation of Rule 5.5 of the Wyoming Rules of Professional Conduct. Rule 5.5 prohibits the practice of law in Wyoming by attorneys not authorized to practice in the state.

8. Respondent concedes that he committed a negligent violation of Rule 5.5, and stipulates to a public censure as the appropriate sanction.

## CONCLUSIONS OF LAW

9. Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice."

10. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

    (a) the duty violated;
    (b) the lawyer's mental state;
    (c) the actual or potential injury caused by the lawyer's misconduct; and
    (d) the existence of aggravating or mitigating factors.

2

11.     Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duty owed to the profession, is addressed in Section 7.0. Subsection 7.3 provides, "Reprimand [i.e., public censure under Wyoming's Disciplinary Code] is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system."

12.     Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

     a.     The applicable aggravating factors are:

        i. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in 1998.

     b.     Applicable mitigating factors are:

        i. Section 9.32(a)-absence of prior disciplinary record;

        ii. Section 9.32(b)-absence of dishonest or selfish motive; and

        iii. Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings.

**RECOMMENDATION**

13.     As an appropriate sanction for his violation of Rule 5.5 of the Wyoming Rules of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) receive a public censure; and (2) be ordered to pay the administrative fee in the amount of

$500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

Dated this 12th Day of February, 2015.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility

4